**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed July 18, 2024.**



In The

# Fourteenth Court of Appeals

_____

### NO. 14-24-00143-CV

_____

### IN RE ANIL VERMA, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**400th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 22-DCV-300010**

---

## MEMORANDUM OPINION

On Tuesday, February 27, 2024, relator Anil Verma filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel respondent, the Honorable Tameika Carter, presiding judge of the 400th District Court of Fort Bend County, to vacate her October 3, 2023 oral ruling that "affirmed the Associate Judge's order granting, Arvind's Motion to Disqualify."

This matter concerns a request for a de novo hearing before the district judge, as opposed to judicial action by the district judge on the associate judge's proposed order. *See* Tex. Gov't Code Ann. §§ 54A.114 (judicial action on associate judge's proposed order or judgment), .115 (de novo hearing). Mandamus will not lie absent a ruling by the trial court that is being challenged. *In re S. Ins. Co.*, No. 14-11-00604-CV, 2011 WL 3667849, at *1 (Tex. App.—Houston [14th Dist.] Aug. 23, 2011, orig. proceeding).

The mandamus record does not contain a signed a written order from respondent. Relator contends respondent abused her discretion when she made this oral ruling during an October 3, 2023:

> "I am not going to re-litigate. You-all put a lot of work into this for [the associate judge], and her ruling is clear. I've reviewed her orders, and I think it would not be a good use of our time to have -- I don't think there's anything new that you can give me today that's going to make me overturn what she has already ruled, so I'm going to sign off on [the associate judge's] order; and you-all can proceed as you choose from this point."

This oral statement suggests that the respondent either (1) viewed the matter as judicial action on the associate judge's proposed order, even though relator specifically filed a request for a de novo hearing, or (2) intended to sign a de novo order. Regardless of what respondent thought, the mandamus record neither contains a written order that disposes of the de novo disqualification issue, nor a refusal to rule on the de novo disqualification issue.

Mandamus relief may be based on oral ruling only if the ruling is a "clear, specific, and enforceable order that is adequately shown by the record." *In re Cypress Tex. Lloyds*, No. 14-11-00579-CV, 2011 WL 3805911, at *2 (Tex. App.—

Houston [14th Dist.] Aug. 25, 2011, orig. proceeding.) (citing *In re Baldridge,* No. 14–06–00647–CV, 2006 WL 2167239, * 1 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding) (quoting *In re Bledsoe,* 41 S.W.3d 807, 811 (Tex. App.— Fort Worth 2001, orig. proceeding)). Accordingly, we conclude this court has no subject-matter jurisdiction over the matter pending before respondent.

We dismiss relator's petition for writ of mandamus for want of subject-matter jurisdiction.

PER CURIAM

Panel consists of Justices Wise, Spain, and Hassan.